FILED
AUG 27 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 17-246 |
| RACOCO WILLIAMS | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a six-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 and 2 | Possession with the Intent to Distribute Five Kilograms or More of Cocaine<br>Count 1: April 13, 2017<br>Count 2: August 29, 2017 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) |
| 3 | Conspiracy to Distribute Five Kilograms or More of Cocaine and a Quantity of Marijuana<br>2012 – March 2018 | 21 U.S.C. § 846 |
| 4 | Participating in a Continuing Criminal Enterprise as Principal Administrator That Involves 150 Kilograms or More of Cocaine<br>2012 – March 2018 | 21 U.S.C. § 848(b) |

| | | |
|---|---|---|
| 5 | Conspiracy to Commit Money Laundering.<br>2012 – August 2017 | 18 U.S.C. § 1956(h) |
| 6 | Interstate travel or transmission in aid of racketeering.<br>2012 – August 2017 | 18 U.S.C. § 1952(a)(3) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts 1 and 2:

In order for the crime of Possession with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the dates set forth in the Superseding Indictment, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Superseding Indictment.

2. That the defendant did so knowingly and intentionally.

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the mixture or substance containing a detectable amount of cocaine was 5 kilograms or more. 21 U.S.C. § 841(b)(1)(A)(ii).

### B. As to Count 3:

In order for the crime of Conspiracy to Distribute Five Kilograms or More of Cocaine and a Quantity of Marijuana, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

2

  3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

  4. That marijuana is a Schedule I controlled substance and that cocaine is a Schedule II controlled substance.

  5. That the amount of cocaine attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to them was 5 kilograms or more. 21 U.S.C. § 841(b)(1)(A)(ii).

  **C.** **As to Count 4:**

In order for the criminal of Participating in a Continuing Criminal Enterprise as a Principal Administrator that Involves 150 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 848(b), to be established, the government must provide all of the following essential elements beyond a reasonable doubt:

  1. The defendant's conduct must constitute a felony violation of federal narcotics law.

  2. The conduct must take place as part of a continuing series of such violations.

  3. The defendant must undertake the activity in concert with five or more persons.

  4. The defendant must act as the organizer, supervisor, or manager of the criminal enterprise.

5. The defendant must obtain substantial income or resources from this enterprise.

6. The defendant was the principal administrator, organizer or leader of the enterprise or is one of several such principal administrators, organizers or leaders.

7. The offense involved 150 kilograms or more of cocaine.

**D.     As to Count 5:**

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more people agreed to launder money as charged in the Superseding Indictment; that is, they agreed to conduct a financial transaction affecting interstate commerce involving the proceeds of specified unlawful activity, with the intent to promote the carrying on of the specified unlawful activity or knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, and knowing that the proceeds were from some form of unlawful activity;

2. That the defendant was a party to, or member of, the agreement; and

3. That the defendant joined the agreement knowing of its objective to launder money as charged in the Superseding Indictment and intending to join together with at least one other conspirator to achieve that objective.

      E.     **As to Count 6:**

In order for the crime of interstate travel or transmission in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant traveled or caused another to travel in interstate or foreign commerce, or used or caused to be used a facility in interstate or foreign commerce, including the mail;

    2.    That the defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

    3.    That the defendant thereafter performed, or attempted to perform, an act to promote, manage, establish, or carry on an unlawful activity or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

### III. <u>PENALTIES</u>

      **A.**     **As to Counts 1 and 2: Possession with the Intent to Distribute Five Kilograms or More of Cocaine; and Count 3: Conspiracy to Distribute Five Kilograms or More of Cocaine and a Quantity of Marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846):**

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $10,000,000.

    3.    A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

5

  1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.

  2. A fine not to exceed $20,000,000.

  3. A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

  1. A term of imprisonment of at least 25 years to a maximum of life.

  2. A fine not to exceed $20,000,000.

 **B.** **As to Count 4: Participating in a Continuing Criminal Enterprise as a Principal Administrator that Involves 150 Kilograms or More of Cocaine (21 U.S.C. § 848(b)):**

  1. A term of imprisonment of not less than life.

  2. A fine not to exceed $2,000,000.

 **C.** **As to Count 5: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

  1. A term of imprisonment of up to twenty years.

  2. A fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater.

  3. A term of supervised release of up to three years.

 **D.** **As to Count 6: Interstate travel or transmission in aid of racketeering (18 U.S.C. § 1952(a)(3)):**

  1. A term of imprisonment of up to five years.

  2. A fine of up to $250,000 or twice the pecuniary gain or loss.

3.  A term of supervised release of up to three years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ BTC
BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726