IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 17-246 |
| | ) |
| RACOCO WILLIAMS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.  **Introduction**

Defendant Racoco Williams ("Williams" or "defendant") was convicted after a jury trial of all 6 counts charged in the superseding indictment, including participating as a principal administrator in a continuing criminal enterprise involving 150 kilograms or more of cocaine, in violation of 21 U.S.C. § 848(b). By statute, that conviction mandates a sentence of life imprisonment.

Pending before the court is a motion filed by counsel[1] on behalf of Williams to compel the government to reoffer a plea proposal (ECF No. 302). The government filed a response in opposition to the motion (ECF Nos. 308, 309) and the motion is ripe for decision.

II.  **Factual and Procedural Background**

The court will not recite the factual and procedural history in full, but only as necessary to provide context for the pending motion. As the case proceeded, counsel engaged in plea negotiations. In June 2022 and May 2023, defense counsel made proposals which the

---

[1] At a hearing on November 28, 2023, Williams agreed to the appointment of separate counsel for the limited purpose of the motion at ECF No. 302 (ECF Nos. 294, 295). Trial counsel remain Williams' counsel of record and filed the other posttrial motions.

government rejected. Trial was set to begin in August 2023. On May 26, 2023, the Assistant United States Attorney ("AUSA") sent an email to defense counsel which provided, in relevant part:

> I spoke to the Acting U.S. Attorney who rejected the plea proposal. He did, however, authorize me to make a proposal consistent with the attached plea letter with a deadline for acceptance of June 5, 2023. [If] It is not accepted by then, the Acting U.S. Attorney instructed me to inform you that he would not be making a plea offer.

ECF No. 302-1. On June 6, 2023, defense counsel sent an email to the AUSA stating: "Yes, we informed Mr. Williams of the [ ] plea offer and he rejected it." (ECF No. 309-1). On July 31, 2023, defense counsel submitted a new plea proposal (ECF No. 302-2), which the government rejected. On August 12, 2023, defense counsel notified the AUSA by email that Williams "would accept all of the terms of the plea proposal by the government dated May 26, 2023." (ECF No. 302-3). On September 6, 2023, at a sidebar during the jury trial, Williams explained that he "never got the full understanding that after this time, [the government's plea offer] would never be available no more." (ECF No. 290 at 82).

There was an 11-day jury trial in August and September, 2023. The prosecution called 27 witnesses and introduced hundreds of documentary exhibits. (See Witness and Exhibit List, ECF No. 269). The official trial transcripts are electronically filed at ECF Nos. 281-293. The jury convicted Williams on all 6 counts of the superseding indictment.

### III.    Discussion

Williams argues that his trial counsel were ineffective by failing to clearly advise him that the government's informal plea offer on May 26, 2023, had a firm deadline. The Supreme Court advises that "in most cases a motion brought under § 2255 is preferable to direct appeal for

deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *accord United States v. Mills*, 858 F. App'x 463, 464 (3d Cir. 2021) ("ordinarily, we defer issues of ineffective assistance of counsel to a collateral attack").

Williams asks the court to exercise its discretion to evaluate this claim now, rather than on direct review (ECF No. 302 at 7 n.2). Williams argues that the record is sufficient to allow determination of the issue, citing *United States v. Thornton*, 327 F.3d 268 (3d Cir. 2003). In *Thornton*, however, the court declined to review the claim of ineffective assistance of counsel, even though the government conceded that trial counsel's performance was deficient. *Id.* at 271. The denial was without prejudice to the defendant's right to raise this claim on a collateral attack brought pursuant to 28 U.S.C. § 2255. The court explained:

> It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. *See, e.g., United States v. Haywood*, 155 F.3d 674, 678 (3d Cir.1998). Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue. *See United States v. Headley*, 923 F.2d 1079 (3d Cir. 1991).
>
> A recent decision of the United States Supreme Court has now provided a thorough analysis of why it is preferable that such claims be considered on collateral review rather than on direct appeal.

*Id.* at 271–72 (discussing *Massaro*). In *Massaro*, the Supreme Court observed that the record at trial focuses on guilt or innocence and may not be sufficient to decide either the prejudice or effectiveness prongs of the analysis required under *Strickland v. Washington*, 466 U.S. 668 (1984). *Massaro*, 538 U.S. at 505. In particular, the trial record may not show whether counsel's actions were supported by a reasonable strategy or whether the alleged error was prejudicial. *Id.* In a § 2255 proceeding, the court may take evidence from witnesses for the defendant and from the counsel alleged to be ineffective. *Id.*

In this case, the court recognizes its discretion, but will follow the general practice to defer the issue of ineffective assistance of counsel until a collateral attack pursuant to § 2255 is filed. Trial counsel remain counsel of record in this case and possess great knowledge of the background of this matter that will be valuable to Williams with respect to any other posttrial motions, sentencing, and any direct appeal. That assistance is particularly important in light of the lengthy and complex record in this case. *See, e.g., Massaro*, 538 U.S. at 506 (noting that appellate counsel will often need trial counsel's assistance to become familiar with the record). Williams and his trial counsel may be adverse to each other with respect to the ineffective assistance of counsel claim. *Id.*

The ineffective assistance dispute in this case is rather novel (whether counsel effectively communicated the consequences of a failure to accept the government's informal proposed plea deal by the stated deadline) and could benefit from further factual development and legal briefing. In particular, the existing record (ECF Nos. 302-1, 302-2, 302-3, 309-1) does not clearly establish the facts with respect to trial counsels' communications with Williams about the June 5, 2003, deadline for acceptance of the government's informal offer or the consequences of not accepting the offer by that date. The record contains no information about trial counsel's reasons for the actions (or inactions) they took. *See Massaro*, 538 U.S. at 505 ("The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them."). In sum, the court cannot fully evaluate the prejudice and effectiveness prongs of the *Strickland* analysis based upon the existing record.

4

### IV. <u>Conclusion</u>

For the reasons set forth above, Williams' motion to compel the government to reoffer the informal plea proposal (ECF No. 302) will be DENIED WITHOUT PREJUDICE to raise this issue in an appropriate motion filed pursuant to 28 U.S.C. § 2255.

An appropriate order will be entered.

                                              **BY THE COURT**,

Dated: May 2, 2024                            **/s/ JOY FLOWERS CONTI**
                                              Joy Flowers Conti
                                              Senior United States District Court Judge